IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANNIN,<br><br>　　　　Petitioner,<br>v.<br><br>BOB HOREL, Acting Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 06-7273 SBA (pr)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH LEAVE TO AMEND OR DIRECTING PETITIONER TO REQUEST FOR A STAY OF PROCEEDINGS**<br><br>(Docket no. 9) |

　　　　Petitioner Raymond Annin, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising eight claims. The Court issued an Order to Show Cause directing Respondent to answer the instant petition. Respondent now moves to dismiss the petition because he claims it is a mixed petition containing both exhausted and unexhausted claims (docket no. 9). Petitioner opposes the motion.

　　　　For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss and directs Petitioner to choose from one of the choices outlined below.

**BACKGROUND**

　　　　According to the allegations in the petition, a San Mateo County jury found Petitioner, a registered sex offender, guilty of failing to inform law enforcement of his new address or location in violation of California Penal Code § 290(f)(1). On April 19, 2002, the San Mateo County Superior Court sentenced Petitioner under California's Three Strikes law to a total of twenty-six years to life in state prison, which includes one year for a prior prison term enhancement.

　　　　Petitioner appealed his conviction to the California Court of Appeal. (Resp't Ex. 1, 2.) On March 4, 2004, the appellate court affirmed the judgment against Petitioner. (Resp't Ex. 3.) Petitioner then filed a petition for rehearing. On April 5, 2004, the appellate court modified its opinion and denied the petition for rehearing. (Resp't Ex. 4.)

　　　　On April 15, 2004, Petitioner presented for filing a petition for review with the California Supreme Court, raising five claims that are also raised in his federal habeas petition. (Resp't Ex. 5.)

The clerk of the California Supreme Court stamped the petition as "received," but refused to file the petition on the ground that it was untimely by two days.[1]  (Resp't Ex. 6.)

On April 16, 2004, Petitioner filed an Application for Relief from Default with the California Supreme Court, which was denied on April 20, 2004.  (Resp't Exs. 6, 13.)

Thereafter, the record shows that two criminal defense attorneys, Kyle Gee, Esq. and William D. Farber, Esq., filed letters with the California Supreme Court urging it to grant review of Petitioner's petition for review on its own motion despite the untimely request.  (Resp't Ex. 7.)  Alternatively, Mr. Farber also requested the California Supreme Court to issue an order directing depublication of California Court of Appeal's opinion in People v. Annin, 116 Cal. App. 4th 725 (2004), pursuant to California Rule of Court 979(a).  (Id.)  On May 19, 2004, the California Supreme Court denied the request to grant review on its own motion, denied the request for an order directing depublication of the aforementioned opinion, and denied the request for an order directing further publication of the opinion.  (Resp't Ex. 9.)

Petitioner also filed a Motion to Reinstate Appeal and Refile Opinion with the California Court of Appeal.  (Resp't Ex. 8.)  On June 10, 2004, the appellate court denied Petitioner's motion.  (Resp't Ex. 10.)

Meanwhile, on May 7, 2004, Petitioner filed a state habeas petition with the California Supreme Court, in which he raised three other claims that are identical to the three remaining claims in his federal habeas petition.  (Resp't Ex. 11.)  The California Supreme Court denied the petition on August 31, 2005.  (Resp't Ex. 12.)

On November 27, 2006, Petitioner filed his federal habeas petition in this Court.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is a mixed petition because Petitioner did not fairly present five of the claims raised in his federal habeas petition to the California Supreme Court.  Petitioner maintains that all the claims in his federal habeas petition were

---

[1] Petitioner's appellate attorney, Richard Such, Esq., states that he takes full responsibility for the late filing of Petitioner's petition for review because he miscalculated the deadline to file it with the California Supreme Court.  (Resp't Ex. 8.)

2

1  fairly presented to the California Supreme Court, and, even if they were not, his petition is exhausted
2  because no further avenue of state court review remains available to him.

3   An application for a federal writ of habeas corpus filed by a prisoner who is in state custody
4  pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted
5  state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting
6  the highest state court available with a fair opportunity to rule on the merits of each and every issue
7  he or she seeks to raise in federal court.[2]  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S.
8  129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his or her habeas
9  petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

10   If the petition combines exhausted and unexhausted claims, then the United States Supreme
11  Court, in Rose v. Lundy, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition
12  without reaching the merits of any of its claims.  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.
13  1988).  However, the rule is not as absolute as might first appear.  Rose itself provides that the
14  dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the
15  district court can then consider those which remain.  See Anthony v. Cambra, 236 F.3d 568, 574 (9th
16  Cir. 2000).  And there are two other exceptions:  one is that when the petition fails to raise even a
17  colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C.
18  § 2254(b)(2); and the other is that, rather than dismiss, the district court may stay a mixed petition to
19  allow the petitioner to return to state court to exhaust the unexhausted issue or issues, Rhines v.
20  Weber, 544 U.S. 269, 277-78 (2005).

21   As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the
22  federal claim to the appropriate state courts in the manner required by the state courts, thereby
23  affording the state courts a meaningful opportunity to consider allegations of legal error.  Casey v.

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court.  Id.  If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the state supreme court.  Id. at 1006 n.3.

Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  The specific factual basis of the federal claim also must be presented to the highest state court.  Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

The exhaustion requirement also may be satisfied if no state remedy remains available.  See Casey, 386 F.3d at 920; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

There is no dispute that Petitioner "fairly presented" three of the eight federal claims to the California Supreme Court in his May 7, 2004 state habeas petition.  (Resp't Ex. 11.)  Therefore, the Court finds that the petition contains three claims that are exhausted.

Respondent argues, however, that the remaining five federal claims are unexhausted.  The record shows that while Petitioner attempted to raise his five remaining claims in his April 15, 2004 petition for review, the California Supreme Court clerk refused to file the petition on the ground that it was untimely.  The Court finds that merely presenting the petition for review for filing with the California Supreme Court does not constitute "fair presentation" of these claims.  Accordingly, the Court finds Petitioner's five remaining claims are unexhausted because they were not considered on the merits by the California Supreme Court.[3]

---

[3] Petitioner argues that the California Supreme Court considered the merits of the five claims when it denied the request to grant review on its own motion and when it denied his ineffective assistance of counsel (IAC) claim in his state habeas petition because the five claims "were presented as subparts A-E of contention III of that petition." (Opp'n at 3-4.)  The Court finds his arguments unavailing.  The California Supreme Court's denial of the request to grant review on its own motion only shows that it denied a request to reconsider whether to conduct discretionary review but such a denial does not guarantee that the California Supreme Court was given a fair opportunity to rule on the merits of the five claims that Petitioner sought to raise in federal court. See 28 U.S.C. § 2254(b), (c).  Furthermore, Petitioner failed to individually allege each of the five claims in his state habeas petition, as oppose to only presenting them as "subparts A-E" of his IAC claim; therefore, the federal nature of his five claims and the specific factual basis of each claim were not fairly presented to the California Supreme Court. See Peterson, 319 F.3d at 1158; Kelly, 315 F.3d at 1067-69; Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) ("[F]or the purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to

4

Petitioner argues that, even if the aforementioned five claims were not fairly presented, they are exhausted because the California Supreme Court would refuse a newly-filed state habeas petition as untimely, and no further avenue of state judicial review remains available. (Opp'n at 6-7.) While the exhaustion requirement may be satisfied if no state remedy remains available, see Casey, 386 F.3d at 920, Petitioner's argument is unavailing. In Casey, the Ninth Circuit found no further state remedies remained available to the petitioner because Washington's statutory one-year time limit for filing a collateral attack on a criminal judgment had expired. See id. In the instant case, however, no such statute or clearly defined time limit for filing an original habeas corpus petition in the California Supreme Court exists. California's timeliness rule bars habeas petitions that are filed after "substantial delay." King v. Lamarque, 464 F.3d 963, 966 (9th Cir. 2006). A California habeas petitioner thus must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Id. The Ninth Circuit has found, however, that in noncapital cases, the California Supreme Court has neither a standard for determining what period of time or factors constitute "substantial delay" nor a standard for determining what factors justify any particular length of delay. Id. Rather, the California Supreme Court has applied the timeliness rule inconsistently, leaving its requirements unclear. Id. Under such circumstances, this Court finds unpersuasive Petitioner's argument that no further state remedy remains available to him to exhaust his five remaining claims because of the timeliness rule.

Having concluded that Petitioner did not exhaust five claims in the present petition, the Court GRANTS Respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims. See Rhines, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his five unexhausted claims as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his five unexhausted claims. See Rhines, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his

---

relief.").

5

petition and proceed only with his three exhausted claims, or request a stay of the petition while he exhausts his five unexhausted claims in state court.  A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his five claims in state court and the claims are potentially meritorious.  See id.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (docket no. 9) is GRANTED.

2. No later than **thirty (30) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the unexhausted claims,[4] or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 06-7273 SBA (PR), as well as the words FIRST AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

4. If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims.  Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

5. This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: March 31, 2008

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANNIN, | Case Number: CV06-07273 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BOB HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Annin
c/o Richard Such
Attorney at Law
2150 Oberlin Street
Palo Alto, CA 94306

Dated: April 9, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk