IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANNIN,<br><br>        Petitioner,<br><br>v.<br><br>BOB HOREL, Acting Warden,<br><br>        Respondent.<br>_____/ | No. C 06-7273 SBA (pr)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING REQUEST FOR A STAY OF HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>(Docket no. 14) |

      Petitioner Raymond Annin, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising eight claims. The Court issued an Order to Show Cause directing Respondent to answer the instant petition. Respondent filed a motion to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims.

      In an Order dated March 31, 2008, the Court granted Respondent's motion to dismiss. The Court found that Petitioner exhausted three of his eight federal claims because they were "fairly presented" to the California Supreme Court; however, Petitioner's remaining five claims were unexhausted "because they were not considered on the merits by the California Supreme Court." (Mar. 31, 2008 Order at 4.) Before dismissing this action as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), the Court directed Petitioner to choose from one of two choices, stating:

> Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his five unexhausted claims as an alternative to suffering dismissal. As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his five unexhausted claims. Accordingly, Petitioner may choose either to amend his petition and proceed only with his three exhausted claims, or request a stay of the petition while he exhausts his five unexhausted claims in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his five claims in state court and the claims are potentially meritorious.

(Mar. 31, 2008 Order at 5-6 (citations omitted).)

Thereafter, Petitioner filed a motion for reconsideration of the Court's March 31, 2008 Order Granting Respondent's Motion to Dismiss, or in the alternative, requesting a stay of the proceedings while he completes the process of exhausting his claims in state court.

Petitioner's motion for reconsideration is DENIED, and his request for a stay is GRANTED, as set forth below.

## **BACKGROUND**

In its March 31, 2008 Order, the Court summarized the background of this case:

> According to the allegations in the petition, a San Mateo County jury found Petitioner, a registered sex offender, guilty of failing to inform law enforcement of his new address or location in violation of California Penal Code § 290(f)(1). On April 19, 2002, the San Mateo County Superior Court sentenced Petitioner under California's Three Strikes law to a total of twenty-six years to life in state prison, which includes one year for a prior prison term enhancement.
>
> Petitioner appealed his conviction to the California Court of Appeal. (Resp't Ex. 1, 2.) On March 4, 2004, the appellate court affirmed the judgment against Petitioner. (Resp't Ex. 3.) Petitioner then filed a petition for rehearing. On April 5, 2004, the appellate court modified its opinion and denied the petition for rehearing. (Resp't Ex. 4.)
>
> On April 15, 2004, Petitioner presented for filing a petition for review with the California Supreme Court, raising five claims that are also raised in his federal habeas petition. (Resp't Ex. 5.) The clerk of the California Supreme Court stamped the petition as "received," but refused to file the petition on the ground that it was untimely by two days.[1] (Resp't Ex. 6.)
>
> On April 16, 2004, Petitioner filed an Application for Relief from Default with the California Supreme Court, which was denied on April 20, 2004. (Resp't Exs. 6, 13.)
>
> Thereafter, the record shows that two criminal defense attorneys, Kyle Gee, Esq. and William D. Farber, Esq., filed letters with the California Supreme Court urging it to grant review of Petitioner's petition for review on its own motion despite the untimely request. (Resp't Ex. 7.) Alternatively, Mr. Farber also requested the California Supreme Court to issue an order directing depublication of California Court of Appeal's opinion in People v. Annin, 116 Cal. App. 4th 725 (2004), pursuant to California Rule of Court 979(a). (Id.) On May 19, 2004, the California Supreme Court denied the request to grant review on its own motion, denied the request for an order directing depublication of the aforementioned opinion, and denied the request for an order directing further publication of the opinion. (Resp't Ex. 9.)
>
> Petitioner also filed a Motion to Reinstate Appeal and Refile Opinion with the California Court of Appeal. (Resp't Ex. 8.) On June 10, 2004, the appellate court denied Petitioner's motion. (Resp't Ex. 10.)

---

[1] Petitioner's appellate attorney, Richard Such, Esq., states that he takes full responsibility for the late filing of Petitioner's petition for review because he miscalculated the deadline to file it with the California Supreme Court. (Resp't Ex. 8.)

2

> Meanwhile, on May 7, 2004, Petitioner filed a state habeas petition with the California Supreme Court, in which he raised three other claims that are identical to the three remaining claims in his federal habeas petition. (Resp't Ex. 11.) The California Supreme Court denied the petition on August 31, 2005. (Resp't Ex. 12.)
>
> On November 27, 2006, Petitioner filed his federal habeas petition in this Court.

(Mar. 31, 2008 Order at 1-2 (footnote in original).)

## DISCUSSION

### I. Motion for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the district court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Petitioner does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence or fraud. Nor does he set forth any other reason justifying relief. Rather, Petitioner argues that the decision of the Court was wrong because he "believes these claims were adequately alleged" to the state supreme court. (Mot. for Recons. at 2.) Petitioner makes the same argument he made in his opposition to Respondent's motion to dismiss. He claims that the California Supreme Court considered the merits of the five claims when it denied his ineffective assistance of counsel (IAC) claim in his state habeas petition because the five claims were presented as subparts A-E of his IAC claim. (Id. at 2-3.) The Court has already found this argument unavailing, stating that "Petitioner failed to individually allege each of the five claims in his state habeas petition, as oppose[d] to only presenting them as 'subparts A-E' of his IAC claim; therefore, the federal nature of his five claims and the specific factual basis of each claims were not fairly presented to the California Supreme Court." (Mar. 31, 2008 Order at 4 n.3.)

1 Petitioner simply repeats his previous argument and does not raise any new grounds to show that
2 these claims were considered on the merits by the California Supreme Court.  While such an
3 argument may be properly advanced on appeal, it is not a basis for reconsideration.  See Twentieth
4 Century-Fox Film Corp., 637 F.2d at 1341.  Accordingly, Petitioner's motion for reconsideration is
5 DENIED.

**II.    Request for a Stay of Habeas Proceedings**

In the alternative, Petitioner requests a stay of the habeas proceedings while he exhausts his state judicial remedies as to his five unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose, 455 U.S. at 515-16.  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioner asks the Court to stay his federal petition while he exhausts his remedies in state court.  District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious.  Id.; see also Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  However, a district court must deny a petitioner a stay if the unexhausted claims are "plainly meritless."  Rhines, 544 U.S. at 277.

Here, the record shows that Petitioner attempted to raise his five unexhausted claims in his petition for review, but the California Supreme Court clerk refused to file the petition on the ground that it was untimely.  As mentioned above, Petitioner's appellate attorney, Richard Such, Esq., takes full responsibility for the untimeliness of the petition for review.  Thus, it appears that good cause

exists for Petitioner's failure to exhaust his five claims on direct appeal. Moreover, his claims could be raised by way of state habeas corpus. This is Petitioner's first federal habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). The Court further finds that Petitioner's five unexhausted claims are not "plainly meritless." See Rhines, 544 U.S. at 277. The phrase "plainly meritless" suggests that it applies to an issue which, on its face, clearly cannot succeed. For instance, claims involving only questions of state law cannot be grounds for federal habeas relief. In contrast, Petitioner's five unexhausted claims, Claims 3 through 7 in his federal petition, are potentially meritorious given their constitutional dimension: (3) his due process rights were violated because there was insufficient evidence to support the conviction; (4) his due process rights were violated because the term "location" in California Penal Code § 290(f)(1) is unconstitutionally vague; (5) his due process rights were violated when the trial court failed to provide the jury with an instruction as to the "knowledge" element of the offense; (6) his trial counsel was ineffective for failing to present a defense in violation of his Sixth Amendment rights; and (7) his sentence of twenty-six years to life is grossly disproportionate to the crime charged in violation of his Eighth Amendment rights. Liberally construed, these five unexhausted claims all state a cognizable basis for federal habeas relief. See Jackson v. Virginia, 443 U.S. 307, 321 (1979) (insufficient evidence to support conviction violates due process); In re Winship, 397 U.S. 358, 364 (1970) (due process requires proof beyond a reasonable doubt); Vlasak v. Superior Court of California, 329 F.3d 683, 688-90 (9th Cir. 2003) (A state criminal statute may be challenged as unconstitutionally vague by way of a petition for a writ of habeas corpus by a prisoner convicted under the statute.); Neder v. United States, 527 U.S. 1, 8-11 (1999) (direct review) (A jury instruction that omits an element of an offense is constitutional error subject to "harmless error" analysis.); Strickland v. Washington, 466 U.S. 668, 686 (1984) (Sixth Amendment guarantees right to effective assistance of counsel); Solem v. Helm, 463 U.S. 277, 303 (1983) (criminal sentence

1  significantly disproportionate to the crime for which defendant was convicted violates the Eighth
2  Amendment). Thus, these unexhausted claims have a potential for merit under Rhines.
3     Accordingly, Petitioner's request for a stay is GRANTED. See Olvera v. Giurbino, 371 F.3d
4  569, 473-74 (9th Cir. 2004); Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), overruled on other
5  grounds by Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007). This action is hereby STAYED
6  until **thirty (30) days** after the California Supreme Court's final decision on his state habeas petition
7  relating to the five unexhausted claims. See Kelly, 315 F.3d at 1071 (indicating that thirty days is
8  sufficient time for a petitioner to return to federal court following final action by the state courts).
9  Petitioner must act diligently to pursue his claims in the California Supreme Court. See id.

## CONCLUSION

For the foregoing reasons,

1. Petitioner's motion for reconsideration (docket no. 14) is DENIED.

2. Petitioner's request for a stay of the habeas proceedings (docket no. 14) is GRANTED, and this action is hereby STAYED until Petitioner has exhausted his claims in state court.

3. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts.

4. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the California Supreme Court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

5. This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: 3/30/09           

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND ANNIN,

        Plaintiff,

v.

BOB HOREL et al,

        Defendant.

Case Number: CV06-07273 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Annin
c/o Richard Such
Attorney at Law
2150 Oberlin Street
Palo Alto, CA 94306

Dated: March 31, 2009

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Annin7273.denyRECON&grantSTAY.frm   7